UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 1 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**BENOIT BROOKENS**     :
460 Taylor Street, NE Apt. G-44
Washington, DC 20017,   :
          Plaintiff
v. 202/693-4868        :   Civil Action No._____

**ELAINE CHAO,**        :   JURY TRIAL
**SECRETARY**
**U.S. DEPARTMENT OF LABOR** :
200 Constitution Avenue, NW     Case: 1:08-cv-00086
Washington, DC 20210    :   Assigned To : Huvelle, Ellen S.
          Defendant     Assign. Date : 1/16/2008
                            Description: Employ. Discrim.

*JURY ACTION*

## COMPLAINT

*JURISDICTION*

1.  This action is brought under the Civil Rights Act of 1964, (Title VII); 42 U.S.C. 2000e et seq.; and the Age Discrimination in Employment Act of 1967; 29 U.S.C. 621 et seq.

*PARTIES*

2.  (A)  Plaintiff, Benoit Brookens, is a Black American male, over age forty (40);

    (B)  Mr. Brookens qualifies in the federal service as an economist, GS-0110, and as an attorney, GS-905; and

    (C)  Mr. Brookens has university level teaching experience which qualifies under Office of Personnel Management (OPM) Standards at the GS-15 level in the federal service.

3.  Defendant, Elaine Chao, is the Secretary of the U.S. Department of Labor

1

(DOL) and is being sued in her official capacity to oversee and manage personnel policies in the DOL.

## *JURY DEMAND*

4.  The Plaintiff demands a Jury Trial.

## *THE FACTS*

5.  On or about January 1, 1990, Benoit Brookens competed for and was selected for a Merit Staffed International Economist, GS-0110-12, vacancy in the Commodities Division, Bureau of International Labor Affairs (ILAB), at DOL.

6.  On or about November 1, 1994, Jorge Perez-Lopez reassigned Mr. Brookens from his position as an International Economist, GS-12, in the Commodities Division, for no valid business reason, to an International Economist position, GS-12, in the Trade Policy Division.

7.  On or about December 1, 1994, the position of Director, Commodities Division, Supervisory International Economist, GS-15, became vacant and remained vacant, for no valid business reason, until ILAB was reorganized on or about October 1, 2006.

### *EEO Complaint*

8.  On or about July 1, 2001, Mr. Brookens filed an Equal Employment Opportunity (EEO) Complaint with DOL alleging discrimination.

9.  Mr. Brookens alleged he was denied a detail to the U.S. Department of

State, under Vacancy Announcement ILAB-DOS.

10. Mr. Brookens was one of thirty-six (36) applicants rated qualified by a DOL selection panel.

11. Mr. Brookens was not among the twenty-five (25) applicants whose names were submitted by DOL to the U.S. Department of State for consideration for the detail.

12. Three of the employees selected for the detail, David Parker, Kelly Bryant, and Mario Fernandez, did not apply for the detail under the announced vacancy announcement procedures.

13. On or about July 1, 2001, other individuals in ILAB were provided career enhancing details while Brookens' request was denied.

    A. Maureen Jaffe was detailed to the Child Labor Office;

    B. Tesarach Ketema was detailed to the Child Labor Office and the National Administrative Office (NAO);

    C. James Shea, William Tiao, and Carlos Romero were detailed to the Trade Policy Division and;

    D. Jane Richards was detailed to Special Projects and the Office of International Relations.

14. Betsy White, Mr. Brookens' immediate supervisor in the Trade Policy Division, failed to provide requested desk audits in 1997 and 1999 as required pursuant to the Collective Bargaining Agreement between Local 12, the American Federation of Government Employees (AFGE) and OPM regulations.

15. Desk audits were approved by Violet Parker, Director of Human Resources, Office of the Assistant Secretary for Administration and Management (OASAM), for other employees.

16. Desk audits were approved by Jorge Perez-Lopez for Carlos Romero promoting Mr. Romero from a GS-11, International Economist, to a GS-14, International Economist.

## COUNT ONE
### *Denial of Detail*

17. The plaintiff repeats and restates the allegations in paragraph 1 to 16 of the Complaint.

18. Mr. Perez-Lopez, on or about May 1, 2005, Mr. Perez-Lopez offered a sixty (60) day detail as Director, Trade Policy Division (GS-15) to selected Trade Policy Division employees and not to Mr. Brookens.

19. At the time Mr. Perez-Lopez offered Mr. Romero the detail, Mr. Romero did not qualify for the detail.

20. At the time Mr. Perez-Lopez offered Mr. Romero the detail, Mr. Perez-Lopez knew that Mr. Romero lacked (a) the required one year time-in-grade to qualify at the GS-15 level and (b) did not possess the required twenty-one (21) semester hours of economics courses.

21. At the time Mr. Perez-Lopez offered Ms. Richards the detail, Mr. Perez-Lopez knew that Ms. Richards was not employed in the Trade Policy Division and outside of the area of the defined consideration.

22. On or about June 10, 2005, Mr. Brookens requested to be considered for

4

the sixty (60) day detail as Acting Director, Trade Policy Division and was denied the detail.

23. Upon the expiration of H. Ronald Dobson's sixty (60) day detail, Mr. Dobson's detail was extended by Jorge Perez-Lopez and by Gregory Schoepfle for no valid business reason.

24. Mr. Dobson's detail was extended without providing Mr. Brookens, or any other Trade Policy Division employee, the opportunity to serve in the detail.

25. The "temporary promotion" personnel practice was developed by Mr. Jorge Perez-Lopez for no bona fide business reason.

26. The "temporary promotion" personnel practice, as created by Mr. Jorge Perez-Lopez, was to provide an improper advantage to Mr. Carlos Romero in competing for the vacancy of Director, Trade Policy Division.

27. The Director, Trade Policy Division vacancy, was advertised on three separate occasions without providing Mr. Brookens, or any other employees in the Trade Policy Division, the opportunity to serve on detail in the vacant position.

28. Mr. Brookens was intentionally denied valuable experience of serving in an Acting Director detail by Mr. Perez-Lopez.

29. Other individuals were provided valuable career enhancing experience in their details extending beyond sixty (60) days.

30. Individuals serving in details beyond sixty (60) days were Howard Ronald Dobson, Carlos Romero, Kenneth Swinnerton (Research Division), and Peter Accolla National Administrative Office, (NAO).

31. On or about September 1, 2007, a lesser qualified individual, Timothy

Wedding, without policy or trade negotiations experience, was selected as the Director, Trade Policy and Negotiations Division.

### COUNT TWO
*Denial of Desk Audit*

32. The plaintiff repeats and restates the allegations in paragraph 1-16 of the Complaint.

33. On or about April 20, 2007, Mr. Brookens requested from Gregory Schoepfle a desk audit and was denied.

34. On or about December 21, 2007, Mr. Brookens requested of Timothy Wedding a desk audit and that request was denied.

### COUNT THREE
*Denial of Promotion*

35. The plaintiff repeats and restates the allegations in paragraph 1-16 of the Complaint.

**Deputy Assistant Secretary for Regulatory Economics and Economic Policy, ES-0110-00**

36. On or about June 15, 2004, Mr. Brookens applied and qualified for a Vacancy, DOL-SES-ASP-04-04, Deputy Assistant Secretary for Regulatory Economics and Economic Policy, ES-0110-00.

37. David Gray (1) cancelled the vacancy, (2) reclassifed the position from the GS-

0110 Economic job series to a non-economic job series, and (3) re-advertised the vacancy.

38. The Secretary of Labor approved re-advertising the vacancy because of an inadequate number of applicants.

39. The reclassification of the position from the economics, GS-0110 series, for no valid business reason, disqualified two Senior Executive Service (SES) economists, Barbara Bingham and Ruth Samardick, from consideration for the vacancy.

### Policy Advisor, GS-301-15

40. On or about March 30, 2006 Mr. Brookens applied and qualified for Policy Advisor, GS-301-15, Bureau of International Labor Affairs (ILAB) Vacancy announcements F-01-079 and ILAB-06-084M;

    A. DOL cancelled the vacancy citing that it (1) peformed unauthorized duties and (2) a re-organization in ILAB was pending;

    B. After the vacancy was cancelled, the Agency continued to fill the position.

### Director, Office of Trade and Labor Affairs

41. On October 16, 2006, Mr. Brookens applied and qualified for a Vacancy DOL-SES-06-21, Director, Office of Trade and Labor Affairs and was denied the position.

42. Mr. Brookens was improperly disqualified from consideration;

### Vacancy, Deputy Director, office of International Relations

43. On March 1, 2007, Mr. Brookens applied and qualified for a Vacancy,

Deputy Director, Office of International Organizations.

44. The selecting official, improperly failed to interview or properly consider Mr. Brookens for the vacancy;

45. Mr. Carlos Romero was non-competively promoted by Mr. Jorge Perez-Lopez from a GS-11, International Economist, to a GS-14, International Economist.

46. Mr. Brookens was, for no valid business reason, denied the same opportunity;

## COUNT FOUR
*Retaliation*

47. The plaintiff repeats and restates the allegations in paragraph 1-16.

48. As a consequence of Mr. Brookens' protected activity, the Agency took actions specified in Counts One, Two, and Three of this Complaint.

49. On December 20, 2007, Timothy Wedding denied Mr. Brookens his within grade wage increase (WIGI).

50. On December 21, 2007, Timothy Wedding denied Mr. Brookens a desk audit.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES PRIOR TO SUIT

51. One hundred and eighty (180) days have passed since the Plaintiff filed an EEO complaint and the Plaintiff had exhausted his administrative remedies.

## RELIEF SOUGHT

A. Enter judgment for Plaintiff against Defendant on all Counts;

8

B.  Declare the Conduct of the Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended;

C.  Order the Agency to perform the following:

1. Detail Mr. Brookens to the position of Acting Director, Trade Policy and Negotiations' Division, or an equivalent position at the next available opportunity;

2. Appoint Mr. Brookens to the positions for which he qualifies.

3. Award back pay to the date of violation and attorney's fees associated with the underlying actions.

4. Award such legal and equitable relief the court deems appropriate.


Respectfully submitted this 16th day of January 2008,

*Benoit Brookens* (signature)

Benoit Brookens
P.O. Box 2551
Washington, DC 20013-2551
202/693-4868

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Benoit Brookens

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)
1109

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Benoit Brookens
460 Taylor Street, NE #G-44
Washington, DC 20017

## DEFENDANTS
Elaine Chao

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** 11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-00086
Assigned To : Huvelle, Ellen S.
Assign. Date : 1/16/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one in a corresponding Nature of Suit**)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Civil Rights Act of 1964 racial and age discrimination 42 USC 2000(e); 29 USC 621 dseq.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) No. ☐ YES ☒ NO If yes, please complete related case form.

DATE 1/6/08   SIGNATURE OF ATTORNEY OF RECORD *Benoit Brookens*

16

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd