UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BENOIT BROOKENS                              *

       Plaintiff                              *

  v.                                                  * Civil Action No. 08-0086 (ESH)

                                                *

ELAINE L. CHAO
Secretary, U.S. Department of Labor       *

       Defendant                              *

_____       *


**MOTION FOR LEAVE TO FILE ATTACHED
FIRST AMENDED COMPLAINT FOR DAMAGES**
-

    Plaintiff by and through counsel respectfully moves the Court for leave to file the attached First Amended Complaint for Damages and in support thereof relies on the Memorandum of Points and Authorities attached hereto.

    .              Respectfully Submitted,

                  Boniface K. Cobbina, P.C.

                  By:__/s/ B.K.Cobbina_____
                  Boniface K. Cobbina
                  DC Bar No. 347757
                  1150 Connecticut Avenue, NW, Ste. 900
                  Washington, DC  20036

                  bcobbina@lawyer.com

                  (202) 463-6900

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE ATTACHED FIRST AMENDED COMPLAINT FOR DAMAGES

This is the first request to amend the complaint made by the plaintiff and the amendment is warranted to set forth more fully the factual allegations and the basis for the various counts.

The Plaintiff by and through counsel has been unable to obtain the consent of the Defendant because of the lateness of the hour when this is is being filed

WHEREFORE, the Plaintiff respectfully requests that her motion be granted.

Respectfully Submitted,

Boniface K. Cobbina, P.C.

By: _/s/ B.K.Cobbina_____
Boniface K. Cobbina, Esquire
1150 Connecticut Avenue, NW, Ste. 900
Washington, DC  20036

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

BENOIT BROOKENS                          *

        Plaintiff                       *

   v.                                    * Civil Action No. 08-0086 (ESH)

                                       *

ELAINE L. CHAO
Secretary, U.S. Department of Labor       *

        Defendant                      *

_____           *

### **ORDER**

Upon consideration of the motion filed by the Plaintiff for leave to file the First Amended Complaint for Damages attached hereto, the response thereto, and for good cause shown, it is by the Court this _____ day of _____ 2008

ORDERED: that the motion is granted.

FURTHER ORDERED: that the First Amended Complaint for Damages is deemed filed as of the date of this Order;

FURTHER ORDERED: that the Defendants may file their Answers to the First Amended Complaint for Damages on or before _____

                                          _____
                                                   JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing opposition to be served electronically on Alan Burch, Esquire, counsel for the defendant, at alan.burch@usdoj.gov this 8th day of July, 2008.

                                                                 ____/s/ B.K. Cobbina_____
                                                                  Boniface K. Cobbina

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BENOIT BROOKENS                     *

        Plaintiff             *

    v.                                    * Civil Action No. 08-0086 (ESH)

                                                   *

ELAINE L. CHAO
Secretary, U.S. Department of Labor  *

        Defendant            *

_____   *

**FIRST AMENDED COMPLAINT FOR DAMAGES**
(Civil Rights Violations and Employment Discrimination)

Plaintiff by and through undersigned counsel hereby alleges and states the following:

Nature of this action

1. This case is about discriminatory conduct against the Plaintiff and violations of his civil rights based on his race (African-American) and age (over 40) as well as for reprisal. Over the course of more than 18 years, the Plaintiff has been denied promotions, excluded from management level positions, paid lower wages, subjected to discrimination with respect to the terms and conditions of employment and retaliated against, all in violation of 42 U.S.C. §1981, 42 U.S.C. § 2000e et seq, and the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. The Plaintiff seeks all wages and benefits he would have received but for the discrimination, including pre-judgment interest, as well as compensatory damages, an award of

attorney fees and all costs and expenses of this litigation and for other such relief as law and justice allow.

## Jurisdiction

2. Jurisdiction of this Court is founded on Title 28 U.S.C § 1331, 28 U.S.C § 1331, 42 U.S.C. §1981, 42 U.S.C. § 2000e et seq. and 29 U.S.C.§ 621 et seq.
3. Venue is proper because the acts and things complained about occurred in the District of Columbia.
4. As set forth herein, the Plaintiff has exhausted the administrative remedies where required and satisfied all administrative and statutory prerequisites necessary for the institution of this action; furthermore, the action is timely as to all counts herein.
5. Plaintiff is an employee of the U.S. Department of Labor and he resides within the District of Columbia.
6. Defendant Elaine Chao is the Secretary of the U.S. Department of Labor, the employer of the Plaintiff.

## Factual Allegations Common to all Claims

7. The Plaintiff is a black African-American male and at all times material hereto has been over forty (40) years of age.
8. In 1973, the Plaintiff, then recently graduated with law and graduate business degrees from Columbia University, New York, NY , was hired into the competitive federal service and appointed as a Foreign Service Economic Commercial Officer with the U.S. Department of State. Over the course of seven (7) years, the Plaintiff was assigned to and served in different positions

including Assistant Commercial Attache in The Hague, Netherlands until 1980 when he left the federal service.

9. Over the course of the next ten (10) years until 1990, Plaintiff worked in the private sector in several capacities including practicing law and teaching as an adjunct professor at the University of Virginia, Falls Church, VA campus.

10. In January, 1990, the plaintiff rejoined the federal service and was employed as a Merit staffed International Economist, GS-12, in the Commodities Division, Bureau of International Labor Affairs(IAB), U.S. Department of Labor.

11. At all times material hereto, the Plaintiff was adequately qualified for the job of International Economist; furthermore, in the discharge of his duties and responsibilities as an International Economist, the Plaintiff met or exceeded the employer's legitimate expectations with regard thereto.

12. Under the regulations of the U.S. Office of Personnel Management, the Plaintiff's university level teaching experience qualifies as a GS-14 level and thus makes him eligible for GS-15 positions in the federal service.

13. In November, 1994, the Plaintiff was reassigned to the Trade Policy Division, Bureau of International Labor Affairs (IAB), U.S. Department of Labor and he has remained an International Economist, GS-12.

14. Over the course of more than 18 years since the Plaintiff rejoined the federal service, he has not been promoted and remains an International Economist, GS-12.

15. Over the course of more than fifteen (15) years, the Plaintiff has applied for and been denied numerous promotional and advancement opportunities.

16. Over the course of more than fifteen (15) years up to and including the present, the Defendant has intentionally subjected the Plaintiff to unequal and discriminatory treatment because of his race and age by:

   (a) repeatedly denying him promotions and instead selecting less qualified white or other employees for those positions;

   (b) excluding the Plaintiff from officer, management and supervisory level positions;

   (c) Assigning higher grade levels to white or other employees who have the same or similar or lower level responsibilities as the Plaintiff;

   (d) denying the Plaintiff training and mentoring opportunities;

   (e) repeatedly denying the Plaintiff positions to which he can be detailed to provide him training, experience and promotional or advancement opportunities;

   (f) repeatedly denying the Plaintiff desk audits which would assess his competence and performance for purposes of promotional or advancement opportunities;

 (g)  Denying the Plaintiff grade level increases to reflect his performance and responsibilities;

 (h) falsely ranking the Plaintiff at a lower grade than white employees doing substantially similar work;

 (i)  paying the Plaintiff less than similarly situated and less qualified white employees;

 (j)  falsely representing that the Plaintiff's university level experience as a professor in economics does not qualify him for higher level promotional and advancement opportunities;

 (k)  subjecting the Plaintiff to higher level of scrutiny and to stricter standards than white employees; and

 (l) repeatedly retaliating against the Plaintiff because he has engaged in protected activity including complaining about the discriminatory conduct against him and filing complaints to attempt to redress said discriminatory conduct.

17. As a direct and proximate result of the wrongs committed by the Defendant, the Plaintiff has suffered and continues to suffer substantial damages to include loss of income, loss of professional opportunities and advancement, damage to his reputation and character, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

**Causes of Action**

## Count One
( Violation of Title VII and ADEA-Failure to Assign Detail and Promote)

18. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 17 and incorporates the same here by reference as though they are fully set forth here.

19. In May, 2005, the Plaintiff learned that a detail and temporary promotion as Acting Director of the Trade Policy Division, U.S Department of Labor, a GS-15 position, had become available and in June, 2005, he told his superiors that he wanted the assignment for which he was adequately qualified.

20. Said detail and/or temporary promotion was given to or offered other employees outside of the Plaintiff's protected class who were less qualified.

21. Said failure or refusal to assign the Plaintiff the detail and/or temporary promotion discriminated against him on account of his race and age with respect to the compensation, terms, conditions, or privileges of employment; said action also included reprisal for prior EEO activity.

22. On or about August 5, 2005, the Plaintiff filed a formal equal employment opportunity ( EEO )complaint with his agency and by letter dated October 9, 2007was advised that he had completed the administrative and statutory pre-requites necessary for filing an action in his case; the instant action was filed within the 90 day prescribed period.

## Count Two
(Violation of Title VII-Failure to Hire and/or Promote)

23. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 17, 19 through 22 and incorporates the same here by reference as though they are fully set forth here.

24. On September 6, 2006, Defendant posted a job announcement for the Director of the Office of Trade and Labor Affairs, # DOL-SES-ILAB-06-21, which is a Senior Executive Service (SES) position.

25. The Plaintiff duly submitted his application for the position for which he was adequately qualified..

26. On October 17, 2006, the Plaintiff was notified by email from a Human Resources Specialist that his application would not be considered because he did not possess significant senior level managerial experience.

27. On January 5, 2007, the Plaintiff filed a formal complaint of discrimination based on race and reprisal challenging HR's determination and claiming that he had the necessary experience to qualify for the SES position.

28. On January 16, 2008, while the complaints were pending hearing before the Equal Employment Opportunity Commission(EEOC), the Plaintiff had exhausted his administrative remedies and exercised his right pursuant to 29 CFR § 1614.407(b) and filed the instant action.

## Count Three
(Violation of Title VII-Failure to Hire and/or Promote)

29. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 17, 19 through 22, 24 through 28 and incorporates the same here by reference as though they are fully set forth here.

30. On October 20, 2006, ILAB posted a job announcement for the Deputy Director, Office of International Relations # ILAB 07-010M/DE.

31. The Plaintiff duly submitted his application for the position for which he was adequately qualified..

32. On March 1, 2007, the Plaintiff was notified that he was not certified for the position since he lacked the time-in-grade requirements for the position.

33. The Plaintiff strenuously disputes that he is not qualified for the position and he initiated a formal complaint with his agency and its decision was appealed to the EEOC.

34. On January 16, 2008, while the complaints were pending hearing before the Equal Employment Opportunity Commission(EEOC), the Plaintiff had exhausted his administrative remedies exercised his right pursuant to 29 CFR § 1614.407(b) and filed the instant action.

## Count Four
(Violation of Title VII and ADEA-Retaliation)

35. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 17, 19 through 22, 24 through 28, 30 through 34 and incorporates the same here by reference as though they are fully set forth here.

36. In each of the foregoing three counts, the Plaintiff's included retaliation for prior EEO activity.

37. It is an unlawful discriminatory practice to retaliate against or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed and right granted or protected under 42 U.S.C. § 2000e et seq, and the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.

38. The acts and things done by the Defendant and complained about including the harassment and discriminatory conduct and the retaliation for engaging in a statutorily protected activity were done willfully, maliciously, outrageously, deliberately and purposely .

## Count Five

(Violation of 42 U.S.C § 1981, as amended)

39. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 17, 19 through 22, 24 through 28, 30 through 34, 36 through 38 and incorporates the same here by reference as though they are fully set forth here.

40. The acts and things done by the Defendant were designed to deny the plaintiff on account of his race and ethnicity the same right to full and equal benefit of all laws and proceedings as is enjoyed by white citizens in violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

41. The actions of defendant District of Columbia were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

WHEREFORE the Plaintiff respectfully requests that this Court:

(a) Declare the Defendant's conduct to be in violation of the Plaintiff's civil rights;

(b) Enjoin the Defendant from engaging in such conduct;

© order the promotion to a position that is just and proper;

(d) award the Plaintiff back pay and benefits;

(a) award Plaintiff compensatory damages;

(b) award the Plaintiff his costs and attorney fees; and

(c) For such other relief as is just and proper.

                    Respectfully Submitted,

                    _/s/ B. K. Cobbina_____
                    Boniface K. Cobbina, Esquire
                    DC Bar No. 347757
                    1150 Connecticut Avenue, NW
                    Suite 900
                    Washington, DC 20036
                    202-463-6900
                    Bkc215@gmail.com

## DEMAND FOR JURY TRIAL

The Plaintiff demands jury trial as to all issues so triable.

                    _____/s/ B.K.Cobbina_____
                    Boniface K. Cobbina, Esquire