UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BENOIT BROOKENS                                   *

        Plaintiff                                 *

  v.                                              * Civil Action No. 08-0086 (ESH)

                                                        *

ELAINE L. CHAO
Secretary, U.S. Department of Labor    *

        Defendant                                 *

_____    *

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

      The Plaintiff by and though counsel respectfully moves the Court to deny the motion to dismiss or, in the alternative, for summary judgment. Firstly, the Plaintiff has filed a motion for leave to amend his complaint and, if granted, the amended complaint would resolve the objections raised by the Defendant. Secondly, the issue as whether or not the Plaintiff was ineligible for the positions he sought is a disputed one and not the subject of a summary judgment motion.. In support of his opposition, the Plaintiff relies on the Memorandum attached hereto.

Respectfully Submitted,

 _/s/ B. K. Cobbina_____
Boniface K. Cobbina, Esquire
DC Bar No. 347757
1150 Connecticut Avenue, NW
Suite 900
Washington, DC 20036
202-463-6900
Bkc215@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BENOIT BROOKENS					*

        Plaintiff			*

   v.						* Civil Action No. 08-0086 (ESH)

							*

ELAINE L. CHAO
Secretary, U.S. Department of Labor	*

        Defendant			*

_____		*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Introductory Statement

At the outset, the Plaintiff would note that he has filed a motion for leave to file a First Amended Complaint for Damages and the proposed amended complaint is attached to the motion. If the motion is granted, most, if not all, the objections of the Defendant set forth in its motion to dismiss or, in the alternative, for summary judgment would be addressed or rendered moot.

Factual Allegations

For ease of reference, the Plaintiff adopts his claims as are grouped into personnel actions by the Defendant.

One, Personnel Action Nos. 2, 8, 9 and 11 are Counts One, Two, Three and Four respectively in the proposed amended complaint.

3

Two, Personnel Action Nos. 1, 3, 4, 5, 6, 7, 10 and 12 have not been included in the proposed amended complaint as substantive claims. Personnel Action Nos. 1 and 6 have been ceded as substantive claims, Personnel Action No. 7 has voluntarily been abandoned  and Personnel Action Nos. 3, 4, 5, 10 and12  are premature since the plaintiff has not as yet exhausted his administrative remedies. Since the Defendant requests the Court to dismiss $_{Personnel}$ Action Nos. 1, 2, 6 and 7 for failure to meet the Statute of Limitations and Personnel Action Nos.5 and 12 for failure to exhaust administrative remedies, the only relevant personnel action now at issue is Personnel Action No. 2.

 With regard to Personnel Action No. 2, the Plaintiff has averred based on his notes that he received the notification regarding his right to sue on October 18, 2007.(Exhibit 1).

The Defendant also targets Personnel Action Nos. 2, 7 and 9  and suggests that that the Plaintiff is ineligible for those positions and he should be barred from relitigating it.  See Defendant's Memorandum, page 22. Firstly, as noted above, the Plaintiff has voluntarily abandoned Personnel Action No. 7. Consequently, the only Personnel Actions  at issue are Numbers 2 and 9, i.e, the Acting Director position and the Deputy Director positions respectively in Counts One and Three of the proposed amended complaint.   Secondly, the Agreement between Local 12, AFGE, AFL-CIO and the Defendant states that the Plaintiff is eligible for the detail as Acting Director under Count One of the proposed complaint. (Exhibit 2). Lastly,  under the rules of the U.S. Office of Personnel management, some vacancies are advertized under the delegated examining

authority as was done in the case of the Deputy Director position alleged in Count Three. (Exhibit 3). The Plaintiff was eligible and applied for the position under the delegated examining process.(Exhibit 4).

Argument

1. <u>The filing of the instant action was timely regarding Personnel Action No. 2 (Count One)</u>
   The Plaintiff received the right to sue letter on October 18, 2007. Pursuant to the federal rules of time computation, the period for the filing of the lawsuit started to run beginning on October 19, 2007. Consequently, the instant lawsuit which was filed on January 16, 2008 is timely.

2. <u>Under the union contract and the delegated examining process the Plaintiff was eligible for the detail in Personnel Action No. 2 and Personnel Action No. 9 respectively</u>

   As is set forth above and in the factual allegations and in the Plaintiff's Declaration(Exhibit 1), the plaintiff was eligible to be detailed to the Acting Director position under Personnel Action No. 2; he was also eligible for the position of Deputy Director under Personnel Action No. 9 pursuant to the delegated examining process. In any event, the matters regarding his eligibility are strenuously disputed and the Plaintiff would request that he be allowed to conduct discovery regarding the issues.

3. <u>Collateral Estoppel does not apply to the issues regarding Plaintiff's eligibility</u>.

   The doctrine of collateral estoppel or issue preclusion is a subset of the res judicata genre. Applying collateral estoppel forecloses the relitigation of issues of fact or

5

law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate. To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. See IN RE: MICROSOFT CORPORATION ANTITRUST LITIGATION, 355 F.3d 322; 2004 U.S. App. LEXIS 575

Based on the foregoing, the argument by the Defendant is inapposite. The decision at the EEOC by the administrative judge was not in a court, was not a judgment and was not final.

                                      Respectfully Submitted,

                                      /s/ B. K. Cobbina  
                                      Boniface K. Cobbina, Esquire  
                                      DC Bar No. 347757  
                                      1150 Connecticut Avenue, NW  
                                      Suite 900  
                                      Washington, DC 20036  
                                      202-463-6900  
                                      Bkc215@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BENOIT BROOKENS                  *

        Plaintiff                  *

     v.                            * Civil Action No. 08-0086 (ESH)

                              *

ELAINE L. CHAO
Secretary, U.S. Department of Labor    *

        Defendant             *

_____ *


## ORDER

Upon consideration of the motion filed by the Defendant to dismiss or in the alternative for summary judgment, the response there and for good cause shown, it is this

_____ day of _____ 2008

OREDERD: the motion is denied.


                                              _____
.                                                       JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing opposition to be served electronically on Alan Burch, Esquire, counsel for the defendant, at [alan.burch@usdoj.gov](mailto:alan.burch@usdoj.gov) this 8th day of July, 2008.

                                                          ____/s/ B.K. Cobbina_____
                                                          Boniface K. Cobbina