UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENOIT BROOKENS, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>ELAINE L. CHAO, )<br>Secretary, Department of Labor )<br>)<br>    Defendant. )<br>) | Civil Action No. 08-0086 (ESH) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant Elaine L. Chao, Secretary, United States Department of Labor ("DOL"), respectfully files this reply in support of her motion to dismiss the Amended Complaint in its entirety, or in the alternative, for summary judgment on certain claims, no. [14], in this case involving allegations of employment discrimination.

**I.   Timeliness.**

According to the EEOC's certificate of service, the EEOC mailed its denial of the request for reconsideration decision to Plaintiff on October 9, 2007.  This decision was mailed by the EEOC from the Washington Field Office in Washington, D.C. to Plaintiff's address, which is also located in Washington, D.C.  See Def. Mot. Dismiss or Sum. J., no. [14], Ex. B at 3. Despite the local mailing, Plaintiff now claims he received the EEOC's decision some nine days later and on the same day which happens to make Count One of the Complaint a timely claim of discrimination.  While this implausible assertion may indeed suffice to survive summary judgment in this case, it is hardly the "incontrovertible" proof Plaintiff claims in his opposition,

<u>see</u> Plf. Decl. ¶ 1.  Moreover it is certainly insufficient to overcome the other defects in the complaint.  Even if the Court determines that Count 1 of Plaintiff's amended complaint is timely, this case should still be dismissed because Plaintiff has failed to state viable claims of race, age, and reprisal discrimination upon which relief can be granted, as explained further below.  Likewise, summary judgment is warranted because there are no sets of circumstances under which Plaintiff can show that he was eligible or qualified for the GS-14/15 or SES positions at issue in this case or that DOL retaliated against him when he was not selected for these positions.

## II.     Failure to State a Claim.

Plaintiff relies on *Aktieselskabet v. Fame Jeans, Inc.*, 525 F.3d 8 (D.C. Cir. 2008), in support of the rule of liberal interpretation of facts pleaded in the complaint, in resolving a motion to dismiss for failure to state a claim.  *Fame Jeans*, however, does not undermine the government's interpretation of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), that the Court's focus is properly on the facts as pleaded in the complaint, and the fair inferences supported by those facts.  In *Fame Jeans*, a trademark case, the Court ultimately found that the complaint included allegations of actual use of the trademark, and therefore, the complaint's failure to allege facts sufficient to support a constructive use theory was not fatal to the plaintiff's case on a motion to dismiss.  *See id.* at *8.  As the Court noted, *Twombly* did not change the fundamentals of notice pleading, *id.* at *4, but *Twombly* did confirm that it is the language of the complaint that the Court should analyze for factual bases to the complaint, in order to determine if its factual allegations are sufficient to support the claims presented, provided that any necessary factual inferences are also sufficiently plausible.

The test is not for the court to engage in an inferential prediction of what legal claims the

Plaintiff might be able to construct, at some later stage, without contradiction by the complaint. Under the previous, erroneous interpretation of *Conley v. Gibson*, 355 U.S. 41, 47 (1957), specifically rejected by *Twombly*, a plaintiff was effectively permitted to fill in later any factual holes or omissions in his complaint. *Twombly* instructs that such omissions are properly seen as fatal when the omitted facts are necessary to support a claim for relief.

Here, Plaintiff's complaint suffers the defects and omissions described in Defendant's motion to dismiss, and his opposition does not cure those defects. His references to paragraphs 1-17 of the Complaint is unavailing because those background and jurisdictional paragraphs do not provide any factual basis from which to conclude that the actions that occurred to him were due to his race, age or prior EEO activity or that the actions constituted adverse actions. The factual allegations in those paragraphs simply do not relate to the non-selections in Counts 1-3 or the retaliation in Count 4.

**III.   Summary Judgment on GS-14 & GS-15 Non-selections.**

Plaintiff has not created a genuine dispute of material fact regarding his eligibility for promotions to the GS-14 or GS-15 level. Plaintiff points to DOL's collective bargaining agreement ("CBA") concerning the Acting Director slot in Count One, implicitly suggesting that this slot was a detail; however, Plaintiff's characterization of this position is misleading because this position was a temporary promotion, not a detail. The difference is explained in Defendant's Exhibit A to its motion, see Def. Mot. no. [14] at 3 n.1, and Plaintiff has no effective response to this evidence. The CBA does not contradict Defendant's position either. See Plt. Opp., no. [15], Ex. 2 at 3 (Article 18, Section 3.e.) (temporary promotions of 120 days or less are excluded from merit staffing procedures). Additionally, it is not clear that Plaintiff's own self-serving testimony

about his eligibility for GS-14 and GS-15 positions would even be admissible. Plaintiff cites no other documents.

Concerning Count 3, the GS-14/15 Deputy Director position, it appears that Plaintiff is now claiming that he applied for this position under the delegated examining procedures; however, the human resources staffing specialist who reviewed Plaintiff's application described his application (as he plead his case in the administrative proceeding) under the merit staffing procedures. In fact, Plaintiff's instant claim here deals with his application to the Deputy Director slot under the merit staffing action. *See* Def. Mot., no. [14], Ex D, F-2 at 3, ¶ 6. His non-selection under the delegated examining process is not now before this Court, but may be pending in another administrative case before an EEOC Administrative Judge. To the extent the Plaintiff has a non-selection claim concerning his delegated examining application to the GS-14/15 Deputy Director position, that claim is, necessarily, not exhausted and Plaintiff's Exhibits 3 and 4 do not rebut Defendant's arguments here.

As to collateral estoppel, Plaintiff's only response is that the EEOC decision does not count as a judicial decision, but the only case he cites predates Defendant's cited authority.

**IV.    Discovery is Unnecessary.**

Plaintiff's request for discovery rests on his assertion that expert testimony is necessary to establish his eligibility for promotion to GS-14 or GS-15 positions. This should not suffice to permit Plaintiff to engage in discovery. Despite having ample opportunities during the administrative proceedings, Plaintiff has not yet generated any evidence to suggest that he is either eligible for or qualified for GS-14/15 and SES positions at issue in this case or produced any witnesses to contradict DOL's undisputed testimony in this case. In light of the attention he

could have brought to this issue in the various administrative proceedings, there is nothing to suggest that discovery will further illuminate the issue.

September 3, 2008                                  Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL:
Rolando N. Valdez
Office of the Solicitor
U.S. Department of Labor